## LAMPHERE v. HEATON.

DEEDS—UNDUE INFLUENCE—EVIDENCE.

> A decree sustaining a deed, attacked for fraud and undue influence, was affirmed under the evidence.

Appeal from Kent; Wolcott, J. Submitted January 28, 1902. Decided March 4, 1902.

Bill by Lester S. Lamphere against Effie Heaton to set aside a deed. From a decree dismissing the bill, complainant appeals. Affirmed.

*J. T. Preston (M. L. Dunham*, of counsel), for complainant.

*L. E. Carroll*, for defendant.

GRANT, J. Defendant is the only child of the complainant. On April 4, 1896, he executed a deed to her of the land described in the bill, and she executed to him a life lease of it. He was an old man, had buried his wife the mother of defendant, about seven months before, and was about to be married again. He was married shortly after the execution of the deed. His second wife was possessed of certain lands, which she had conveyed to her children before the marriage. He virtually admits that he executed the deed to his daughter so that his new wife should have no interest in the land. He now seeks to set aside that deed on the ground that the defendant unduly influenced him to make it.

The question is one purely of fact. We agree in the conclusion reached by the circuit judge. The conveyance, reserving a life estate to himself, was one eminently proper for him to make under the circumstances. The proofs do not sustain his charge that he was induced to make it by fraud or by the undue influence of his daughter.

The decree is affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.